RODNEY G. LINCOLN *versus* LEE STRICKLAND.

The return of an attachment of real estate by an officer to the Registry of Deeds, in which the name of only one of several defendants is given, is sufficient to hold the real estate of the defendant named, but insufficient in respect to that of the others.

The return " S. J. C., August term, Kennebec county, 1856," sufficiently shows to what Court and term the writ is returnable.

When the amounts claimed in the several counts in the writ in all exceed the " *ad damnum*," the statement of the " *ad damnum*" as " the sum sued for" is a compliance with the law in an officer's return to the Registry of Deeds of an attachment of real estate.

ON REPORT. CASE against the defendant as sheriff, for the default of his deputy. The case is stated in the opinion.

*T. A. D. Fessenden* and *A. G. Stinchfield*, for plaintiff.

*David Dunn*, for defendant.

The opinion of the Court was drawn up by

DAVIS, J.—The plaintiff, having a demand against John B. Jones and others, sued out a writ of attachment against them, and put it into the hands of Benjamin Dunn, a deputy of the defendant, with written orders to "attach real estate" thereon. Dunn made service of the writ, May 6, 1856. This suit is against the sheriff, charging Dunn with official neglect, in not making a valid attachment.

It appears in evidence, that Jones was at that time the owner of certain real estate, subject to a mortgage, which he afterwards sold, Oct. 23, 1856; that the plaintiff, relying upon his attachment, caused said Jones' right of redemption to be sold upon his execution; and that the officer returned the execution satisfied from the proceeds of said sale.

It also appears that the purchaser of said right of redemption, in fact, paid nothing; and the plaintiff now claims to recover the amount of the sheriff whose deputy served the writ, on the ground that the attachment was void, and that the sale was therefore void. Whether the plaintiff can now

claim, in contradiction to the officer's return, that his demand has not been paid, is a question upon which, from the view we take of the case, it is unnecessary for us to express any opinion.

The plaintiff contends that the attachment was void, because Dunn did not file with the register of deeds the certificate required by the statute in such cases.

The statute requires that the officer, in the certificate, shall state "the names of the parties." The parties to that suit were Rodney G. Lincoln, *plaintiff*, and John B. Jones and several other persons, *defendants*. In the certificate they were described as " R. G. Lincoln *vs.* John B. Jones *& als.*" This was sufficient to give notice of the attachment of the property of Jones, — though insufficient in regard to the property of the other defendants.

The statute requires the officer to state "the Court to which the writ is returnable." The certificate is not copied in the report; but it appears to have been in substance as follows : — " Court and term to which the writ is returnable. S. J. C., August term, Kennebec county, 1856." This, though abreviated, was a substantial compliance with the statute. The object is not to give the parties notice of the suit, but to give third persons notice of the attachment, and furnish them the means of ascertaining its continuance or termination. The certificate was sufficient for that purpose.

The only other defect alleged is, that the "sum sued for" was not correctly stated. The statute then in force required the officer to state the sum sued for ; and a certificate of the " *ad damnum*" was held, in *Nash* v. *Whitney*, 39 Maine, 341, to be insufficient. But in many cases the *ad damnum* is the only sum sued for ; and, in other cases, the two are the same in amount. The writ in the case under consideration contained two counts ; and the sum sued for was *apparently more* than the two thousand dollars. But no more than that sum could have been recovered, because that was the extent of the *ad damnum*. The officer therefore stated, in legal effect, the sum sued for. And, if he had not stated

the sum correctly, we do not wish be understood as holding that the attachment would have been void for that cause.

*Plaintiff nonsuit.*

RICE, APPLETON, GOODENOW and WALTON, JJ., concurred.